1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ERIC CHARLES RODNEY K'NAPP,

11              Plaintiff,                    No. CIV S-05-2520 FCD CMK P

12         vs.

13   HICKMAN, et al.,

14              Defendants.              <u>ORDER</u>

15   _____/

16         Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action pursuant

17   to 42 U.S.C. § 1983.

18         The federal venue statute requires that a civil action, other than one based on

19   diversity jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if

20   all defendants reside in the same State, (2) a judicial district in which a substantial part of the

21   events or omissions giving rise to the claim occurred, or a substantial part of property that is the

22   subject of the action is situated, or (3) a judicial district in which any defendant may be found, if

23   there is no district in which the action may otherwise be brought."  28 U.S.C. § 1391(b).

24         In this case, none of the defendants reside in this district.  The claim arose in

25   Monterey County, which is in the Northern District of California.  Therefore, plaintiff's claim

26   should have been filed in the United States District Court for the Northern District of California.

1

1  In the interest of justice, a federal court may transfer a complaint filed in the wrong district to the

2  correct district.  See 28 U.S.C. § 1406(a); Starnes v. McGuire, 512 F.2d 918, 932 (D.C. Cir.

3  1974).

4         In addition, plaintiff has requested the appointment of counsel.  The United States

5  Supreme Court has ruled that district courts lack authority to require counsel to represent

6  indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298

7  (1989).  In certain exceptional circumstances, the court may request the voluntary assistance of

8  counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir.

9  1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  In the present case, the

10  court does not find the required exceptional circumstances.

11         Accordingly, IT IS HEREBY ORDERED that:

12         1.  This matter is transferred to the United States District Court for the Northern

13  District of California; and

14         2.  This court has not ruled on plaintiff's request for the appointment of counsel.

17  DATED:   December 28, 2005.

19                       _____

                     CRAIG M. KELLISON

20                       UNITED STATES MAGISTRATE JUDGE