1

2

3

4

5

6

7

8          IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ERIC C.R. KNAPP,

11              Plaintiff,                    No. CIV S-05-2520 FCD CMK P

12        vs.

13   RODERICK HICKMAN, et al.,

14              Defendants.            <u>FINDINGS & RECOMMENDATIONS</u>

15   _____/

16              Plaintiff, a state prisoner, is proceeding pro se and in forma pauperis brings this

17   action pursuant to 42 U.S.C. § 1983.  This matter was referred to the undersigned pursuant to 28

18   U.S.C. § 636(b)(1)(B) and Local Rule 72-302(b)(21).  Before the court is plaintiff's April 17,

19   2006,  "Notice of Motion, Motion, and Proposed Order for Relief under the Americans with

20   Disabilities Act...," which the court has construed as a motion for injunctive relief pursuant to

21   Federal Rule of Civil Procedure 65.

22              At the onset, the court notes that plaintiff has failed to serve a copy of this motion

23   on defendants as required by Local Rule 5-133.  Plaintiff filed a request seeking that his failure to

24   comply be excused.  Plaintiff is advised that he must comply with the provisions of Local Rule 5-

25   133, the prison's failure to provide him with more than two copies of his motion is not an excuse

26   for compliance with the local rules.  However, as plaintiff's motion was electronically filed and

1

1   defendants have therefore received notice of the document, the court will, in this one instance,

2   excuse plaintiff's failure to comply with Local Rule 5-133.

3          In his April 17, 2006 motion plaintiff seeks injunctive relief in the form of

4   reasonable accommodation regarding his physical impairment, which he believes qualifies him

5   for relief under the Americans with Disabilities Act (ADA).  Plaintiff states that, as part of his

6   sentence, he was ordered to pay $10,000 in restitution, meaning that 44 percent is deducted from

7   all the monies deposited in his prison trust account.  Plaintiff suffers from a "very painful

8   deformity on the middle finger of his right hand which significantly impairs and limits his ability

9   to write without pain and discomfort."  (Doc. 17 at 3: ¶ 2.)  In addition to the instant suit, plaintiff

10  has approximately 25 other lawsuits pending in state, federal and administrative courts.

11         In order to facilitate his numerous lawsuits, plaintiff's family bought him a

12  typewriter in 2002, which allowed plaintiff to type rather than handwrite legal documents.

13  Plaintiff's typewriter was damaged while plaintiff was in administrative segregation.  Plaintiff has

14  filed grievances seeking replacement of his typewriter by the Department of Corrections and

15  Rehabilitation (CDCR).  Plaintiff's grievance was denied and his damaged typewriter became

16  totally inoperable in February 2006.  Plaintiff filed a request for an accommodation–provision of

17  another typewriter by the CDCR, which was returned without answer.

18         Plaintiff seeks a court order that: (1) the warden of Salinas Valley State Prison

19  (SVSP) authorize plaintiff's family to purchase a new identical typewriter for plaintiff; (2) direct

20  the SVSP staff to make special shipping arrangements for plaintiff's family to get plaintiff's

21  broken typewriter repaired by an approved service provider outside the prison without 44% being

22  deducted from any amount that plaintiff's family places into plaintiff's account for shipping of the

23  printer; or (3) authorize plaintiff's family to purchase a new typewriter for plaintiff, which is not

24  identical to his last typewriter.

25  ///

26  ///

1    In general, a preliminary injunction is appropriate if a plaintiff demonstrates either

2  (1) a combination of probable success on the merits and the possibility of irreparable injury; or

3  (2) the existence of serious questions going to the merits and the balance of hardship tips sharply

4  in plaintiff's favor.  See Sony Computer Entertainment Am., Inc. v. Bleem, LLC, 214 F.3d 1022,

5  1025 (9th Cir.2000); Prudential Real Estate Affiliates v. PPR Realty, Inc., 204 F.3d 867, 874 (9th

6  Cir.2000). "These two formulations represent two points on a sliding scale in which the required

7  degree of irreparable harm increases as the probability of success decreases." Prudential Real

8  Estate, 204 F.3d at 874.  In the absence of a significant showing of possible irreparable harm, the

9  court need not reach the issue of likelihood of success on the merits. See Oakland Tribune, Inc. v.

10  Chronicle Publ'g Co., 762 F.2d 1374, 1376 (9th Cir. 1985).

11    While the court is sympathetic to the reality that litigating a civil rights claim (or

12  25 federal, state and administrative claims as plaintiff here is) while incarcerated presents

13  challenges that are unique to inmate plaintiffs because of legitimate prison regulations which

14  prohibit unfettered access to computers and typewriters, the Supreme Court has recognized that

15  inmate plaintiffs must accept those challenges.  See Lewis v. Casey, 518 U.S. 343, 354-55 (1996).

16  Federal courts must afford deference to the appropriate state prison authorities in matters of

17  prison administration, and therefore are required to balance the state's interests against the need to

18  protect an inmate's constitutional rights. See Turner v. Safley, 482 U.S. 78, 84-85 (1987) ( "Prison

19  administration is ··· a task that has been committed to the responsibility of ··· [the legislative and

20  executive] branches, and separation of powers concerns counsel a policy of judicial restraint.").

21  The undersigned finds that the injunctive relief requested by plaintiff will adversely impact the

22  prison system because it would compel prison officials to take action—authorizing plaintiff's

23  family to purchase materials for him or direct prison officials to make special shipping

24  arrangements for plaintiff, that go beyond the requirements of applicable state administrative

25  rules. Further, plaintiff has not demonstrated that he qualifies for accommodation under the ADA

26  on the basis of finger pain, which prevents him from filing legal documents in his various

3

1  lawsuits without pain.

2           Based on the foregoing, IT IS RECOMMENDED that plaintiff's motion for

3  accommodation which the court construes as a motion for injunctive relief (doc.17 ) be denied.

4           These findings and recommendations are submitted to the United States District

5   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

6  days after being served with these findings and recommendations, plaintiff may file written

7  objections with the court.  The document should be captioned "Objections to Magistrate Judge's

8  Findings and Recommendations."  Plaintiff is advised that failure to file objections within the

9  specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d

10  1153 (9th Cir. 1991).

11

12  DATED:   April 20, 2006.

13

14                                          _____

15                                          CRAIG M. KELLISON
                                            UNITED STATES MAGISTRATE JUDGE

16

17

18

19

20

21

22

23

24

25

26