IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ERIC CHARLES RODNEY KNAPP,

    Plaintiff,                      No. CIV S-05-2520 FCD CMK P

    vs.

RODERICK HICKMAN, et al.,

    Defendants.                ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983. By order filed February 27, 2006, plaintiff's complaint was dismissed with leave to file an amended complaint. Plaintiff has now filed an amended complaint.

**I.    Screening Plaintiff's Complaint**

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1),(2).

1

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. See Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. See Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

## II.     Plaintiff's Complaint

The gist of plaintiff's amended complaint is that he has been beaten and sexually assaulted by other prisoners; as a result of these assaults, plaintiff suffers from post-traumatic stress syndrome.  Defendants have been indifferent to plaintiff's problems, causing him to suffer mental anguish.  Plaintiff also appears to complain that defendants have confiscated or censored his mail; violating his First Amendment Rights.  Plaintiff states that defendants have retaliated against him and harassed him.  It is not clear whether this harassment occurred because plaintiff is a convicted sex offender or because plaintiff filed grievance against defendants.

///

///

### A. Failure to Comply with Rule 8

Plaintiff's amended complaint is sixty-one pages long and names seventy defendants. A reading of plaintiff's complaint does not immediately set forth plaintiff's claims against defendants. Rule 8 Requires that a complaint contain a short and plain statement of the a plaintiff's claim. See Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. See Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff's complaint fails to meet this standard. If plaintiff chooses to amend his complaint he must state his complaint succinctly and clearly.

### B. No Constitutional Right to Grievance Procedure

To the extent that plaintiff seeks relief for improper handling of his administrative appeals, the complaint does not state a cognizable civil rights claim. There is no constitutional right to a grievance procedure. See Mann v. Adams, 855 U.S. 639 (9th Cir. 1988).

### C. Failure to Meet Estelle Standard

To the extent that plaintiff seeks relief for indifference to his medical needs, the complaint does not state a cognizable civil rights claim. In Estelle v. Gamble, 429 U.S. 97, 106 (1986), the Supreme Court had that inadequate medical care did not constitute cruel and unusual punishment under § 1983 unless the mistreatment rose to the level of "deliberate indifference to a serious medical need." A serious medical need exists if the failure to treat the prisoner's condition could result in further injury or the unnecessary or wanton infliction of pain. See id. at 104. If plaintiff chooses to amend his complaint, he must specifically and concisely explain how defendants' failure to treat his medical needs resulted in further injury or the unnecessary infliction of pain.

///
///
///

**III.     Conclusion**

For the reasons discussed above, plaintiff's amended complaint fails to state a claim under 42 U.S.C. § 1983.  However, the court will grant plaintiff leave to file a second amended complaint.

Should plaintiff choose to file an amended complaint, he need not include "immaterial background information."  See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996).  The Ninth Circuit Court of Appeal has observed that the Federal Rules require that a complaint consist of "simple, concise, and direct" averments.  See id.  As a model of concise pleading, the court quoted the standard form negligence complaint from the Appendix to the Federal Rules of Civil Procedure.

> 1. Allegation of Jurisdiction.
>
> 2. On June 1, 1936, in a public highway, called Boylston Street, in Boston, Massachusetts, defendant negligently drove a motor vehicle against plaintiff, who was then crossing said highway.
>
> 3. As a result plaintiff was thrown down and had his leg broken, and was otherwise injured, and was prevented from transacting his business, suffered great pain of body and mind, and incurred expenses for medical attention and hospitalization in the sum of one thousand dollars.
>
> Wherefore, plaintiff demands judgment against defendant in the sum of one thousand dollars.

See id.  This is a good model for plaintiff to follow in his pleading.  Any amended complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's second amended complaint complete.  Local Rule 15-220 requires that

1 an amended complaint be complete in itself without reference to any prior pleading.  This is
2 because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.
3 Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files a second amended complaint, the
4 original pleading no longer serves any function in the case.  Therefore, in a second amended
5 complaint, as in an original complaint, each claim and the involvement of each defendant must
6 be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Plaintiff's amended complaint is dismissed; and

2.  Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint"; plaintiff must file an original and two copies of the second amended complaint; failure to file a second amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

DATED:  May 25, 2006.

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE