IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ERIC CHARLES RODNEY KNAPP

        Plaintiff,                      No. CIV S-05-2520 FCD CMK P

    v.

ALI HICKMAN, et al.,

        Defendants.            ORDER

                           /

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983. By order filed May 26, 2006, plaintiff's complaint was dismissed with leave to file an amended complaint. Plaintiff has now filed an amended complaint.

I.       The Amended Complaint

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1),(2).

1

1    A claim is legally frivolous when it lacks an arguable basis either in law or in
2    fact.  See Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221,
3    1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based
4    on an indisputably meritless legal theory or where the factual contentions are clearly baseless.
5    See  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however
6    inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d
7    639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

8    A complaint, or portion thereof, should only be dismissed for failure to state a
9    claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set
10   of facts in support of the claim or claims that would entitle him to relief.  See  Hishon v. King &
11   Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer
12   v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a
13   complaint under this standard, the court must accept as true the allegations of the complaint in
14   question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the
15   pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor,
16   Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

17   Plaintiff's amended complaint, filed July 3, 2006, consists of a statement of the
18   claim, a lengthy list of defendants, a long statement of "specific claim allegations" that includes
19   facts not included in the statement of the claim.  Plaintiff's complaint is seventy-four pages long.
20   From this lengthy complaint, the court can only determine that plaintiff, his fiancee, and his
21   mother were subject to harassment from defendants; that defendants violated plaintiff's First
22   Amendment rights by retaliating against plaintiff and otherwise chilling his right to speak freely;
23   that defendants denied plaintiff due process and equal protection of the laws, including denying
24   him due process by interfering with visitation; that defendants subjected plaintiff to cruel and
25   unusual punishment; and that defendants destroyed plaintiff's property.
26   ///

1       Ascertaining the exact nature of plaintiff's complaints against defendants is
2 difficult. This is because, like plaintiff's previous complaints, his second amended complaint
3 contains a great deal of immaterial background information and editorial comments about the
4 practices of the Department of Corrections. For example, while it is laudable that plaintiff's
5 mother started a group devoted to protecting the rights of prisoners, it is not germane to
6 plaintiff's complaint.

7       The denial of clothing and the use of searches to harass inmates may state civil
8 rights claims under the civil rights action. See Walker v. Sumner, 14 F.3d 1415, 1421 (9th Cir.
9 1994); Hudson v. Palmer, 468 U.S. 517, 530 (1984). Therefore, plaintiff's claims that
10 defendants forced him to be locked naked in a "narrow cage," humiliated him for forcing him to
11 submit to a strip search, and forced him to sleep without sufficient clothing and blankets may
12 state a claim under the Eighth Amendment. Plaintiff identifies the specific defendants who
13 allegedly used searches to harass him; however plaintiff does not specifically identify which
14 defendants were responsible for denying him adequate clothing. Plaintiff must link specific
15 defendants to specific acts–i.e., plaintiff must describe to the court the acts of defendants. It is
16 not enough to list several defendants and then say several paragraphs later that "said defendants"
17 caused plaintiff to not be issued adequate clothing or bedding. (Am. Compl. at 17-18.) Plaintiff
18 will be given the opportunity to amend these portions of his complaint.

19       Plaintiff's complaint is filled with allegations of verbal harassment by defendants.
20 Generally, verbal harassment does not constitute a claim under the Eighth Amendment.
21 See Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996). Only claims that are calculated to cause
22 the prisoner psychological damage may state an Eighth Amendment claim. See id. The court is
23 not able to determine if plaintiff is alleging that defendants' alleged verbal harassment was
24 intended to cause him psychological damage, but here as well will give plaintiff the opportunity
25 to file an amended complaint; however, plaintiff should be mindful that "it trivializes the Eighth
26 Amendment to believe that a threat constitutes a constitutional wrong" and plaintiff should limit

any claims of verbal harassment to claims which were calculated to cause him psychological harm. Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987).

To the extent that plaintiff alleges that deficiencies in the grievance process, either in processing of or responding to his grievances, he fails to state a cognizable claim for relief. There is no constitutional right to a grievance process. See Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). These claims have no place in any amended complaint.

If prison officials retaliate against an inmate for the exercise of his constitutional rights, the prisoner may have a viable claim under the civil rights act. See Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (stating that the elements of a retaliation claim are (1) an assertion that a state actor took some adverse action against an inmate (2) because of (3) that inmate's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights and (5) the action did not reasonably advance a legitimate correctional goal). Here, however, plaintiff makes vague allegations of retaliation; he does not address the basis or nature of defendants' retaliatory acts or clearly state which defendants were specifically involved in the retaliation. Plaintiff will be given the opportunity to amend this portion of his complaint.

Plaintiff appears to allege that defendants conspired to retaliate against him. State actors, acting in concert to deprive an individual of constitutional rights, may be held liable for conspiracy under § 1983. See Hoffman v. Halden, 268 F.2d 280, 293 (9th Cir. 1959) rev'd on other grounds, 300 F.2d 24, 30 (9th Cir. 1962). To be successful on a conspiracy claim, a plaintiff must show that defendants conspired, or acted jointly or in concert and that some overt act was done in furtherance of the conspiracy. See id. at 292-294. Again, plaintiff makes only vague accusations of conspiracy. He does not address the basis or the nature of defendants' conspiracy. Plaintiff will be given the opportunity to amend this portion of his complaint.

Plaintiff claims that his confinement in Administrative Segregation (Ad-Seg) denied him due process and equal protection in violation of the Fourteenth Amendment. To plead an equal protection violation, plaintiff must allege he has been treated differently from

others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination.  <u>Freeman v. Arpaio</u>, 125 F.3d 732, 737 (9th Cir. 1997). Here again, plaintiff has failed to link his factual allegations to his legal claims.  See <u>McHenry v. Renne</u>, 84 F.3d 1172, 1179-80 (9th Cir. 1996).  To state a denial of due process claim for confinement in Ad-Seg, plaintiff must demonstrate that he was denied a hearing within a reasonable time after his placement in Ad-Seg.  See <u>Hewitt v. Helms</u>, 459 U.S. 460, 476 (1983). Here, plaintiff states only that certain defendants denied him due process by failing to release him from Ad-Seg "despite having the authority...and opportunity to do so."  Plaintiff will be given an opportunity to amend this portion of his complaint.

To the extent that plaintiff alleges that his constitutional rights were violated by virtue of being denied visitation with his fiancee, this claim fails to state a cognizable civil rights claim.  The Due Process Clause does not guarantee a right to unfettered visitation.  See <u>Kentucky v. Dep't of Corr. v. Thompson</u>, 490 U.S. 454, 460-61 (1989).  This claim has no place in any amended complaint.

In a "Motion for Judicial Notice, " plaintiff states that he has made a good faith effort to comply with the court's previous screening orders.  (Doc. 27:1:18-19.)  Plaintiff points out that the degree of simplicity and conciseness of a complaint depends on the subject matter of the litigation, the number of parties, and the nature of the claims presented; in other words, complaints with many claims and defendants are longer than complaints with few claims and defendants. The court is aware of this; however, plaintiff's complaint still fails to satisfy the requirement of Federal Rule of Civil Procedure 8(a) that claims must be stated simply, concisely, and directly.  The court urges plaintiff to set forth a statement of facts detailing, in specific terms, what happened to plaintiff to violate his constitutional rights.  See <u>McHenry</u>, 84 F.3d 1172, 1177 (9th Cir. 1996).    Plaintiff should exclude from the complaint his editorial comments about the  Department of Corrections, descriptions of the philanthropic works of his mother and the word-for-word details of his conversations with various defendants.  Plaintiff should then specifically

detail how each defendant participated in the alleged violation of his civil rights.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir.1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. See Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir.1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir.1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir.1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Finally, plaintiff is again directed to the case of McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir.1996), in which the Ninth Circuit Court of Appeal upheld the dismissal of a complaint it found to be "argumentative, prolix, replete with redundancy, and largely irrelevant. It consists largely of immaterial background information." The court observed the Federal Rules require that a complaint consist of "simple, concise, and direct" averments. Id.

Plaintiff's complaint suffers from many of the same problems as the pleading dismissed in McHenry: there is much " 'narrative rambling [ ]' " yet a marked lack of "notice of what legal claims are asserted against which defendants." Id. at 1176. As in McHenry, "[p]rolix,

confusing complaints such as the ones plaintiffs filed in this case impose unfair burdens on litigants and judges." Id. at 1179. Plaintiff will be given a further opportunity to file an amended complaint, **limited to twenty pages**, including any memorandum of points and authorities and exhibits. Plaintiff may use the court's form for filing a civil rights action, which will be provided.

II.     The Motion for Injunctive Relief

In his amended complaint, plaintiff seeks preliminary injunctive relief. Among other things, he requests a court order that: the confidential section of plaintiff's prison records be turned over to the court for in camera review so that the court could reveal information to him which is relevant to his case; all prisoner and non-defendant persons "to later be revealed at discovery as witnesses...shall be under the court's protection" from harassment by defendants; a polygraph be required as a discovery tool; all defendants found to be lying be disciplined by the court and various boards; all wiretaps against plaintiff to be dismissed and expunged; the CDC be ordered to issue protective clothing during winter seasons; and that certain CDC offices be given more authority and independently monitored.  In light of this court's determination that his compliant must be dismissed, there is no underlying action to support plaintiff's request at this time.  Accordingly, this motion will be denied without prejudice.

III.    The Motion for Judicial Notice

Plaintiff request that the court take judicial notice that he made a good faith attempt to comply with the court's previous screening order.  Pursuant to Rule 201, a court may take judicial notice of the existence of matters of public record. See Fed. R. Evid. 201.  A court may not, however, take judicial notice of a party's opinion.  Accordingly, the court declines to take judicial notice of plaintiff's good faith attempt to comply with the court's screening order.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's amended complaint is dismissed, and the Clerk of the Court is directed to send plaintiff another copy of the court's form complaint for filing a civil rights action under 42 U.S.C. § 1983.

2. Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint that **is limited to twenty pages** and that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint"; plaintiff must file an original and two copies of the second amended complaint; failure to file a second amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

3. Plaintiff's July 3, 2006 motion for preliminary injunctive relief is denied without prejudice.

4. Plaintiff's July 3, 2006 motion for judicial notice (doc. 27) is denied.

Dated: July 20, 2006

/s/ Craig M. Kellison
United States Magistrate Judge