IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ERIC CHARLES RODNEY K'nAPP

      Plaintiff,                     No. CIV S-05-2520 FCD CMK P

  vs.

R.Q. HICKMAN, et al.,

      Defendants.        ORDER

_____/

      Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983. By order filed July 21, 2006, plaintiff's complaint was dismissed with leave to file a second amended complaint. Plaintiff has now filed a second amended complaint.

      Plaintiff names seventy-one defendants in his twenty page second amended complaint. The gist of his complaint is that defendants at Mule Creek State Prison (MCSP) have retaliated against him for complaining about staff misconduct and working to improve prison conditions. Plaintiff makes numerous claims in his second amended complaint. He alleges that defendants interfered with his prison grievances, interfered with his right to visitation, confiscated materials from a bulletin board, forced him to resign from the Men's Advisory Council, and forced other prisoners to deface a mural that plaintiff had painted. These

allegations do not state cognizable civil rights claims.  For example, the due process clause does not guarantee a right of unfettered visitation, and prisoners have no right to contact visitation. See Kentucky Dep't of Corr. v. Thompson, 490 U.S. 460-461 (1989); Barnett v. Centoni, 31 F.3d 813, 817 (9th Cir. 1994).  The Ninth Circuit has stated that inmates have no legitimate claim of entitlement to a prison grievance procedure.  See Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988).

Some of plaintiff's claims, however, are cognizable civil rights claims.  Plaintiff alleges that defendants placed him in administrative segregation (Ad Seg) three separate times, September 22, 2001, September 22, 2001, and February 10, 2003, which required him to suffer deplorable living conditions, including inadequate clothing and unnecessary forced drugging. The first placement was allegedly in retaliation for plaintiff's visitor having filed a citizen's complaint against one of the defendants.  The second placement was based on a "confidential mail prepared and sent immediately following the East Coast terrorist attacks of 9/11/01," which plaintiff appears to claim that defendants read.   The third placement was allegedly in retaliation for plaintiff's reporting about contaminated prison food.  Plaintiff also alleges that defendants served him food which allegedly contained, among other things, "pubic hairs,...one rock like object, crushed-up razor blades, and...one hook-shaped piece of metal embedded within bite-sized meat."  Plaintiff claims that defendants' actions violated his Eighth Amendment and due process rights and caused him significant mental hardship.

The claims concerning placement in Ad Seg and contaminated food in the second amended complaint state a cognizable claim for relief pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b).  If the allegations of the amended complaint are proven, plaintiff has a reasonable opportunity to prevail on the merits of this action.  The court, therefore, finds that service is appropriate for the defendants which plaintiff links to the placement in Ad Seg and contaminated food claims and will direct service by the U.S. Marshal without pre-payment of costs.  Plaintiff is informed, however, that this action cannot proceed further until plaintiff

complies with this order.  Plaintiff is warned that failure to comply with this order may result in dismissal of the action.  See Local Rule 11-110.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Service is appropriate for the following defendants: R.Q. Hickman, Hurdle, Kaiser, King, Knowles, Mynhier, Reaves, Silva, Subia, Vasquez, White, Gray, Kernan, Laguna, Vasconcellos, Warren, Presley, Etheridge, Boyd, Cherry, Danziger, and Warvarovski.

2. The Clerk of the Court shall send plaintiff twenty-two USM-285 forms, one summons, an instruction sheet and a copy of the amended complaint filed September 5, 2006.

3. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit the following documents to the court:

    a. The completed Notice of Submission of Documents;

    b. One completed summons;

    c. One completed USM-285 form for each defendant listed in number 1 above; and

    d. twenty-three copies of the endorsed amended complaint filed September 6, 2006.

4. Plaintiff need not attempt service on defendants and need not request waiver of service.  Upon receipt of the above-described documents, the court will direct the United States Marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

5. The Clerk of the Court is directed to terminate the following defendants against which plaintiff does not state a cognizable civil rights complaint: Ali, C.D. Brown, D.D. Brown, M. Brown, Broyles, Campbell, Carrillo, Clevenstine, Emigh, Fowler, Gentile, Grannis, Gunning, Gutierrez, Hansen, Hein, Henderson, Hensley, Hogan, Kanipe, Keeland, Klinefelter, Knipp, Kudlata, Lattimore, Leeworthy, Lincoln, Marshall, McNeil, Melching, Mesa, Murray, Nelson, O'Connor, Olsen, Poe, Rendon, Reyes, Rianda, Robinson, Sauceda, Seinwerth, Smith,

1  Stanley, Stewart, Taylor, Uribe, and Whittle.

3  DATED:  September 27, 2006.

```
                                      _____
                                      CRAIG M. KELLISON
                                      UNITED STATES MAGISTRATE JUDGE
```

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| Plaintiff, | No. CIV |
| vs. |  |
|  | NOTICE OF SUBMISSION |
| Defendants. | OF DOCUMENTS |
| _____/ |  |

Plaintiff hereby submits the following documents in compliance with the court's order filed _____:

    _____ completed summons form

    _____ completed USM-285 forms

    _____ copies of the _____
                            Amended Complaint

DATED:

                                          _____
                                          Plaintiff