IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ERIC CHARLES RODNEY K'nAPP

    Plaintiff,                       No. CIV S-05-2520 FCD CMK P

    vs.

R.Q. HICKMAN, et al.,               Order Vacating the September 28, 2006 Screening

    Defendants.              Order and Re-Screening Plaintiff's Second

                                     Amended Complaint

_____/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983. By order filed July 21, 2006, plaintiff's complaint was dismissed with leave to file a second amended complaint. Plaintiff filed a second amended complaint on September 5, 2006.

        By order filed September 28, 2006, the court screened plaintiff's second amended complaint and ordered that service was appropriate for twenty-two of the seventy-one named defendants. On October 16, 2006, plaintiff filed objections to the court's screening order. In light of the objections, the court vacates the September 28, 2006 screening order and will allow plaintiff the opportunity to file a third amended complaint.

///

1

In the September 28, 2006 order, the court noted that plaintiff names seventy-one defendants in his twenty page second amended complaint. The gist of his complaint is that defendants at Mule Creek State Prison (MCSP) have retaliated against him for complaining about staff misconduct and working to improve prison conditions. Plaintiff made numerous claims in his second amended complaint. The court found that several of plaintiff's claims were cognizable civil rights claims, and recommended service of the complaint on defendants who were linked to these claims. Specifically, the court found that the claims concerning placement in Ad Seg and contaminated food in the second amended complaint state a cognizable claim for relief pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b).

However, the court also determined that several of plaintiff's claims were not cognizable. Specifically, the court noted that plaintiff's second amended complaint alleged that defendants interfered with his prison grievances, interfered with his right to visitation, confiscated materials from a bulletin board, forced him to resign from the Men's Advisory Council, and forced other prisoners to deface a mural that plaintiff had painted. The court found that allegations do not state cognizable civil rights claims. For example, the due process clause does not guarantee a right of unfettered visitation, and prisoners have no right to contact visitation. See Kentucky Dep't of Corr. v. Thompson, 490 U.S. 460-461 (1989); Barnett v. Centoni, 31 F.3d 813, 817 (9th Cir. 1994). The Ninth Circuit has stated that inmates have no legitimate claim of entitlement to a prison grievance procedure. See Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988).

However, in his objections filed October 16, 2006, plaintiff clarifies that he is alleging that defendants engaged in the above described actions (and in all the actions described in the amended complaint) as part of ongoing retaliatory conduct stemming from plaintiff's filing of a grievance concerning an incident which occurred when his fiancee visited him in 2000. Accordingly, in light of the clarification provided by the objections, the court understands that plaintiff intended to allege that all the above listed alleged acts of defendants were motivated by

1 a desire to retaliate against plaintiff for filing a grievance, which is a constitutionally protected
2 activity.
3       However, the amended complaint must stand on its own; it cannot be read in
4 conjunction with the October 16, 2006 objections which clarify its intent.  See  Local Rule 15-
5 220.  Accordingly, the court will dismiss plaintiff's second amended complaint and allow him to
6 file a third amended complaint which clearly, as in his objections, indicates that plaintiff is
7 alleging that all of the acts allegedly done by defendants were allegedly done with a retaliatory
8 motive.
9       If plaintiff chooses to file a third amended complaint, plaintiff must demonstrate
10 how the conditions complained of have resulted in a deprivation of plaintiff's constitutional
11 rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the third amended complaint
12 must allege in specific terms how each named defendant is involved.  There can be no liability
13 under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a
14 defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v.
15 Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir.
16 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights
17 violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).
18       In addition, plaintiff is informed that the court cannot refer to a prior pleading in
19 order to make plaintiff's third amended complaint complete.  Local Rule 15-220 requires that an
20 amended complaint be complete in itself without reference to any prior pleading.  This is
21 because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.
22 Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files a third amended complaint, the
23 original pleading no longer serves any function in the case.  Therefore, in a third amended
24 complaint, as in an original complaint, each claim and the involvement of each defendant must
25 be sufficiently alleged.
26 ///

In accordance with the above, IT IS HEREBY ORDERED that:

    1. The September 28, 2006 order (doc. 35) is vacated;

    2. The clerk shall disregard the documents submitted by plaintiff on October 19, 2006;

    3. Plaintiff's second amended complaint is dismissed; and

    2. Plaintiff is granted thirty days from the date of service of this order to file a third amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the third amended complaint must bear the docket number assigned this case and must be labeled "Third Amended Complaint"; plaintiff must file an original and two copies of the third amended complaint; failure to file a third amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

DATED:  November 15, 2006.

                                                          _____
                                                          **CRAIG M. KELLISON**
                                                          UNITED STATES MAGISTRATE JUDGE