IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ERIC CHARLES RODNEY KNAPP,

      Plaintiff,                    No. CIV S-05-2520 FCD CMK P

     vs.

RODERICK HICKMAN, et al.,

      Defendants.            <u>ORDER</u>

_____/

        Service of plaintiff's amended complaint was originally ordered on January 1, 2007. Subsequently, on February 2, 2007, there was a return of service unexecuted as to defendants Olson, Warvarovski, Danzinger, Marshall, Gunning, and Murray.[1] On February 20, 2007, the court ordered defendant to provide additional information to serve these defendants via discovery, the California Public Records Act, or other means available to him. The court also informed plaintiff that, if the required information was denied or unreasonably delayed, he could seek judicial intervention.

        On April 11, 2007, plaintiff filed a request for judicial intervention, noting that

---

[1] On March 13, 2007, a summons was returned unexecuted as to defendant Vasconcellos. The court ordered plaintiff to seek additional information to serve this defendant on April 2, 2007.

1

inquiries to the California Department of Corrections under the California Public Records Act have gone unanswered. Plaintiff has obtained some information concerning defendants Gunning and Olson from staff at Mule Creek State Prison. Plaintiff has obtained information sufficient to serve defendant Danzinger.

Defendants' counsel shall query the Department of Corrections to ascertain the whereabouts of defendants R. Gunning, Corrections Officer (who may have retired to Alaska or Oregon, according to plaintiff); S. Marshall, Correctional Sergeant, Murray, Correctional Sergeant; Carl Michel Warvarovski, M.D.; and Olson (who may have the first initial "D" and whose last name may be spelled "Olsen"). The court notes, however, especially with regard to defendant Olson, that it is ultimately plaintiff's responsibility to properly identify the persons that he wishes to bring suit against. Neither the Department of Corrections or defendants can be held responsible for plaintiff's failure to properly identify those he wishes to name as defendants.

Defendants' counsel shall file and serve the appropriate response within twenty days of the date this order is filed.

IT IS SO ORDERED.

DATED: April 17, 2007.

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE

inquiries to the California Department of Corrections under the California Public Records Act have gone unanswered. Plaintiff has obtained some information concerning defendants Gunning and Olson from staff at Mule Creek State Prison. Plaintiff has obtained information sufficient to serve defendant Danzinger.

Defendants' counsel shall query the Department of Corrections to ascertain the whereabouts of defendants R. Gunning, Corrections Officer (who may have retired to Alaska or Oregon, according to plaintiff); S. Marshall, Correctional Sergeant, Murray, Correctional Sergeant; Carl Michel Warvarovski, M.D.; and Olson (who may have the first initial "D" and whose last name may be spelled "Olsen"). The court notes, however, especially with regard to defendant Olson, that it is ultimately plaintiff's responsibility to properly identify the persons that he wishes to bring suit against. Neither the Department of Corrections or defendants can be held responsible for plaintiff's failure to properly identify those he wishes to name as defendants.

Defendants' counsel shall file and serve the appropriate response within twenty days of the date this order is filed.

IT IS SO ORDERED.

DATED: April 17, 2007.

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE