IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ERIC C.R. K'NAPP,

        Plaintiff,                        No. CIV S-05-2520 FCD CMK P

    vs.

R.Q. HICKMAN, et al.,

        Defendants.               FINDINGS & RECOMMENDATIONS

_____/

        Plaintiff, who is a state prisoner proceeding pro se and in forma pauperis, brings this action pursuant to 42 U.S.C. § 1983.  Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302(b)(21) this matter is referred to the undersigned.  Plaintiff has filed a motion for injunctive relief.  Fed. R. Civ. P 65.

        To obtain injunctive relief, a party must satisfy either the "traditional" or "alternative" standard for injunctive relief. See Cassim v. Bowen, 824 F.3d 791, 795 (9th Cir.1987) . Under the traditional standard, a court may grant preliminary injunctive relief if it finds (1) the moving party will suffer irreparable injury if the relief is denied; (2) the moving party will probably prevail on the merits; (3) the balance of potential harm favors the moving party; and (4) the public interest favors granting relief. See id. (citation omitted).

        In contrast, under the alternative standard, to obtain preliminary injunctive relief, a moving party need only demonstrate "(1) a likelihood of success on the merits and the possibility of irreparable injury or (2) the existence of serious questions going to the merits and the balance

of hardships tipping in [the moving party's] favor." Nike, Inc. v. McCarthy, 379 F.3d 576, 580 (9th Cir.2004) (citing Gilder v. PGA Tour, Inc., 936 F.2d 417, 422 (9th Cir.1991)) (internal quotations omitted). The two options provided under the alternative standard "represent extremes of a single continuum, rather than two separate tests. Thus, [under the alternative standard,] the greater the relative hardship to [the party], the less probability of success must be shown." Id. (citing Walczak v. EPL Prolong, Inc., 198 F.3d 725, 731 (9th Cir .1999)).

In his motion for injunctive relief, plaintiff requests that the court "order or at least encourage Salinas Valley State Prison (Salinas) to accommodate plaintiff's request for a Swintec 2416DM typewriter. Plaintiff asserts that he is a plaintiff in several on-going lawsuits and also has several administrative prison grievances which are pending. He alleges that in order to enjoy his constitutional right to meaningful and unimpeded access to the courts in his various lawsuits and appeals, plaintiff must be able to prepare legal documents. However, due to a finger joint deformity, which impairs his ability to write without pain, and spinal nerve damage, which prevents him from sitting in one place for too long, plaintiff cannot keep up with the writing demands of this heavy litigation load, unless he has a typewriter.

Salinas staff have denied plaintiff permission to have his family purchase a Swintec 2416DM typewriter for him. Plaintiff acknowledges that Salinas staff have provided him with a "loaner" typewriter; however he asserts that the loaner typewriter is not acceptable because it has no internal text memory and does not correct typing errors. Plaintiff asserts that being forced to use such a typewriter imposes undue strain on him in terms of "time, energy, and cost of replacing the many ribbons and spools of correction tape he would require under such circumstances..."

As noted above, when granting injunctive relief, the court must consider whether the moving party is likely to suffer irreparable injury if the requested relief is not granted. See Cassim, 824 F.3d at 795. Here, although plaintiff cannot have his family purchase him a typewriter which has an internal memory and correction ability, he is allowed to use a loaner

typewriter.  Although this may be somewhat of an inconvenience to him, it is not likely to cause plaintiff irreparable injury.  Plaintiff is still able to utilize a typewriter to keep up with his heavy litigation load.

Further, the Supreme Court has cautioned courts against undue interference with operations of prisons: [T]he inquiry of federal courts into prison management must be limited to the issue of whether a particular system violates any prohibition of the Constitution.… The wide range of "judgment calls" that meet constitutional … requirements are confined to officials outside the Judicial Branch of Government.  Bell v. Wolfish, 441 U.S. 520, 562, 99 S.Ct. 1861, 1886, 60 L.Ed.2d 447 (1979).  Ordering Salinas prison officials to allow plaintiff's family to supply him with a typewriter is the sort of undue interference with prison operations that the Supreme Court has cautioned courts to avoid.

Accordingly, IT IS RECOMMENDED that plaintiff's motion for injunctive relief (doc. 78) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  May 7, 2007.

*Craig M. Kellison*
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE

3