1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10  ERIC CHARLES RODNEY K'NAPP,

11              Plaintiff,                    No. CIV S-05-2520 FCD CMK P

12        vs.

13  R.Q. HICKMAN, et al.,

14              Defendants.              <u>FINDINGS & RECOMMENDATIONS</u>

15  _____/

16              Plaintiff is a state prisoner proceeding without counsel and in forma pauperis in

17  this civil rights action against various correction personnel at the California Department of

18  Corrections and Rehabilitation (CDCR) as well as other elected and appointed state officials,

19  including defendant Steve White.[1]   This matter is before the undersigned pursuant to 28 U.S.C. §

20  636(b)(1)(B) and Local Rule 72-302(b)(21) on defendant Steve White's motion to dismiss. Fed.

21  R. Civ. P 12(b).

22  ///

23  ///

24  ///

25  _____

26        [1]Steve White was formerly the Inspector General.  He is currently a Superior Court Judge
    in Sacramento County Superior Court.

                                        1

1 I.    Background

2         Plaintiff brings this civil rights action against various CDCR employees and

3 elected and appointed officials, including former Inspector General Steve White.  Plaintiff

4 originally filed this action in December 2005, and this action is proceeding on his third amended

5 complaint, filed on December 1, 2006.  Plaintiff alleges that for a three year period, from

6 September 2000 through September 2003, he suffered retaliatory abuse and violation of other

7 rights secured under the First, Fourth, Eighth, and Fourteenth Amendments of the United States

8 Constitution as well as the Americans with Disabilities Act, the Rehabilitation Act and the

9 Privacy Act.  Plaintiff alleges twelve claims in his complaint, ten of which are against defendant

10 White.

11         Plaintiff claims that he was retaliated against because he caused information to be

12 publicized on the internet of his mother's organization UNION (United for Injustice, Oppression,

13 and Neglect).  Plaintiff does not allege that defendant White took any action directly against

14 plaintiff, but instead makes general allegations that defendant White caused others to take action

15 against plaintiff.

16         In Claim 2, plaintiff alleges that, in August and September of 2002, defendant

17 White, along with various prison personnel and a California Senator and his aide, allegedly

18 retaliated against plaintiff by causing the viewing of his private body parts during an unclothed

19 body search while plaintiff was confined in Administrative Segregation in a narrow cage.  He

20 alleges that defendant White and other defendants retaliated against him by conducting an

21 unlawful, untimely, informal and dishonest investigation of plaintiff due to a complaint by

22 plaintiff's fiancee against Officer Kaiser for terminating plaintiff's visit with his fiancee due to

23 misconduct.

24         In Claim 4, plaintiff alleges that, in July of 2001, defendant White, along with

25 other defendants, retaliated against plaintiff by causing him to be harassed, intimidated, and

26 deprived from performing his duties as Men's Advisory Committee (MAC) vice-president by

1   various acts, none of which were alleged to have been performed by defendant White.

2          In Claim 5, plaintiff alleges that, in September of 2001, defendant White, along

3   with other defendants, allegedly retaliated against plaintiff by causing him to be illegally confined

4   in Ad-Seg, subjecting him to an unclothed body search, putting a "perjured" document in his file,

5   and caused review of his Ad-Seg placement to be "unlawfully impeded and conducted...."  (Third

6   Am. Compl. (doc. 39) at 9:5a-10:5d.)

7          In Claim 6, plaintiff alleges that defendant White, along with other defendants,

8   retaliated against plaintiff by causing him to not seek election in a vacant MAC position, ordering

9   an election for a position that plaintiff claims he held, and, in 2002, manipulated plaintiff into

10  withdrawing his grievance presumably related to the MAC election.

11         In Claim 7, plaintiff alleges that, in October of 2001, defendant White, along with

12  other defendants, retaliated against plaintiff by causing information posted by plaintiff on a

13  bulletin board for prisoners to be confiscated.

14         In Claim 8, plaintiff alleges that, in May 2002, defendant White, along with other

15  defendants, retaliated against him for stating that an investigation should be conducted into

16  Warden Mike Knowles's policies and for filing a lawsuit against prison personnel.  The

17  retaliation consisted of plaintiff being asked for his prison identification, being placed in a cage,

18  and being made to eat his dinner standing up; plaintiff also alleges that he was placed in

19  restraints, falsely written up, coerced to withdraw a grievance, terrorized by another inmate for

20  writing a story about the other inmate, and subjected to false disciplinary action.

21         In Claim 9, plaintiff alleges, that, in January 2003, defendant White, along with

22  various other defendants retaliated against him by causing other prisoners to contaminate food

23  intended for plaintiff and his prisoner associates, causing plaintiff to be disciplined for alerting

24  other inmates of the contamination and causing plaintiff to be confined to Ad-Seg to prevent him

25  from alerting other prisoners.

26         In Claim 10, plaintiff alleges that, in January through May 2003, defendant White,

1    along with various other defendants retaliated against him by causing a correctional officer to

2    prevent plaintiff from posting a notice on the prisoner bulletin board, preventing him from being

3    hired as a paid clerk, subjecting  him to cell searches, confining him to Ad-Seg, subjecting  him to

4    unclothed body searches, involuntarily giving him drugs, psychologically tormenting him, filing

5    against him false disciplinary actions, causing him to suffer withdraw pains, illegally confiscating

6    his letters, and denying him access to his legal materials.

7          In claim 11, plaintiff alleges that, from January through April 2003, defendant

8    White, along with other defendants, retaliated against plaintiff by causing his personal mail to be

9    withheld and censored and his legal and confidential mail to be opened and read.

10          In claim 12, plaintiff alleges that, from July through September 2003, defendant

11    White, along with other defendants retaliated against him by causing plaintiff to be disciplined for

12    expressing himself and to cause him to receive legal mail that had been opened and read outside

13    plaintiff's prison and forwarded to a wrong prison such that it was delayed in getting to plaintiff.

14          Plaintiff seeks monetary, declaratory, and injunctive relief.  Other than the

15    monetary relief sought against all defendants, the only request for relief affecting defendant White

16    is in Section 5, subsection "g" of the "Request for Relief" portion of plaintiff's complaint.  (Doc.

17    39 at *20.)  Specifically, plaintiff states that the Office of the Inspector General is "imbued with

18    ability [sic] to more directly take swift and appropriate action in correcting problems and holding

19    CDC employees accountable when law rights violations are committed against prisoner's and/or

20    their associates."  (<u>Id.</u>)

21    II.     <u>Standard of Review</u>

22          A motion to dismiss for failure to state a claim should not be granted unless it

23    appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that

24    would entitle him to relief.  <u>See</u> <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984) (citing

25    <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957)); <u>see also</u> <u>Palmer v. Roosevelt Lake Log Owners</u>

26    <u>Ass'n</u>, 651 F.2d 1289, 1294 (9th Cir. 1981).  In considering a motion to dismiss under this

1  standard, the court must accept all allegations of material fact as true and must construe them in

2  the light most favorable to the plaintiff.  See Hospital Bldg. Co. v. Rex Hospital Trustees, 425

3  U.S. 738, 740 (1976); see also Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam).

4  All ambiguities or doubts must also be resolved in the plaintiff's favor.  See Jenkins v.

5  McKeithen, 395 U.S. 411, 421 (1969).  Pro se pleadings are held to a less stringent standard than

6  those drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).

7          To determine whether a complaint states a claim upon which relief can be granted,

8  the court generally may not consider materials outside the complaint and pleadings.  See Cooper

9  v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998); Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir.

10  1994).  The court may, however, consider: (1) documents whose contents are alleged in or

11  attached to the complaint and whose authenticity no party questions, see Branch, 14 F.3d at 454;

12  (2) documents whose authenticity is not in question, and upon which the complaint necessarily

13  lies, but which are not attached to the complaint, see Lee v. City of Los Angeles, 250 F.3d 668,

14  688 (9th Cir. 2001); and (3) documents and materials of which the court may take judicial notice,

15  see Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994), except prison regulations, see Anderson

16  v. Angelone, 86 F.3d 932, 934 (9th Cir. 1996).

17          Finally, leave to amend a deficient complaint must be granted ". . . [u]nless it is

18  absolutely clear that no amendment can cure the defects."  See Lucas v. Dep't of Corrections, 66

19  F.3d 245, 248 (9th Cir. 1995) (per curiam); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th

20  Cir. 2000) (en banc).

21  III.    Discussion

22          Defendant White argues that plaintiff's complaint should be dismissed because it

23  is barred by the statute of limitations.  Additionally, defendant White contends that plaintiff's

24  claims must fail because (1) defendant White is not a person for purposes of § 1983 and; (2)

25  plaintiff has failed to identify any constitutional deprivation for which defendant White is

26  responsible.

A.   Statute of Limitations

There is no statute of limitations in 42 U.S.C. § 1983.  Because § 1983 actions are best characterized as actions for injuries to personal rights, federal courts should borrow the state statute of limitations that applies to personal injury actions to determine if a § 1983 action is timely.  See Wilson v. Garcia, 471 U.S. 261, 279-80 (1985).

Prior to January 1, 2003, California law provided a one year statute of limitations for personal injury claim.  See Former California Code of Civil Procedure § 340(c).  After January 1, 2003, California law provides a two year statute of limitations for personal injury actions.  See California Code of Civil Procedure § 335.1).  Accordingly, plaintiff's claims arising prior to January 1, 2003 are governed by a one-year limitations period; while his claims arising after January 1, 2003 are governed by a two-year limitations period.

Plaintiff originally filed his complaint with this court on December 12, 2005.  That complaint was dismissed with leave to amend.  Plaintiff did not submit a complaint suitable for service upon defendants until he filed his third amended complaint on December 1, 2006.  Thus, there was no operative complaint pending and defendants did not receive notice of plaintiff's § 1983 claims against them until plaintiff filed his third amended complaint on December 1, 2006.

Plaintiff's claims occurring before January 1, 2003 (claims 2, 4, 5, 6, 7, and 8) are subject to the one-year limitations period and should have been filed at the latest by January 1, 2004; however, plaintiff's complaint was filed December 1, 2006.   Accordingly, the court finds that these claims are untimely and must be dismissed.

Plaintiff's claims occurring after January 1, 2003 (claims 9,10,11, and 12) are subject to the two-year limitations period and should have been filed at the latest by September 15, 2005; however, plaintiff's compliant was filed December 1, 2006.[2]  Accordingly, the court

---

[2]Even if the court were to assume that the December 12, 2005 date that this action was originally filed was the appropriate date from which to calculate the statute of limitations, plaintiff's claims would still be untimely as they were due by January 1, 2004 or September 15, 2005 respectively.

1   finds that these claims are untimely and must be dismissed.

2         B.   Linking Defendant White to the Alleged Constitutional Deprivations

3                Even assuming arguendo that plaintiff's complaint is not barred by the statute of

4   limitations, his claims against defendant White would still fail.  To state a claim cognizable in a

5   civil rights action, a plaintiff must connect the named defendants clearly with the claimed denial

6   of his rights.  Farmer v. Brennan, 511 U.S. 825, 837, 843 (1994) (official's liability for deliberate

7   indifference to assault requires that official know of and disregard an "excessive risk"); Taylor v.

8   List, 880 F.2d 1040, 1045 (9th Cir. 1989) ("liability under section 1983 arises only upon a

9   showing of personal participation by the defendant (citation omitted) . . . [t]here is no respondeat

10  superior liability under section 1983."); Johnson v. Duffy, 588 F.3d 740, 743-44 (9th Cir. 1978)

11  (discussing "requisite causal connection" in section 1983 cases between named defendants and

12  claimed injuries);  Barren v. Harrington, 152 F.3d 1193, 1194-95 (9th Cir. 1998), cert. denied,

13  525 U.S. 1154 (1999) ("A plaintiff must allege facts, not simply conclusions, that show that an

14  individual was personally involved in the deprivation of his civil rights.").

15               Here, plaintiff has alleged no facts that show that defendant White actually

16  participated in the alleged violation of plaintiff's constitutional rights. See McHenry v. Renne, 84

17  F.3d 1172, 1179-80 (9th Cir. 1996).  Plaintiff has not shown that defendant White had the ability

18  in either his personal or official capacity to prevent CDCR officials from alleging  the conduct

19  which allegedly violated plaintiff's rights.   Accordingly, this action should be dismissed against

20  defendant White because plaintiff fails to link defendant White to the alleged constitutional

21  violations.

22  IV.   Conclusion

23               Based on the foregoing, the undersigned recommends that:

24               1.  Defendant White's motion to dismiss be granted.

25               2.  Plaintiff's action be dismissed with prejudice **as to defendant White only**

26  because it is barred by the statute of limitations and because plaintiff fails to link defendant White

1 to the alleged constitutional violations complained of in his complaint.

2          These findings and recommendations are submitted to the United States District

3 Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within

4 twenty days after being served with these findings and recommendations, any party may file

5 written objections with the court and serve a copy on all parties.  Such a document should be

6 captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the

7 objections shall be served and filed within ten days after service of the objections.  The parties are

8 advised that failure to file objections within the specified time may waive the right to appeal the

9 District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

10

11 DATED:   May 7, 2007.

12

13                                                                   CRAIG M. KELLISON
14                                                                   UNITED STATES MAGISTRATE JUDGE

15

16

17

18

19

20

21

22

23

24

25

26