IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC CHARLES RODNEY KNAPP, | No. CIV S-05-2520-FCD-CMK-P |
| Plaintiff, | |
| vs. | ORDER |
| RODERICK HICKMAN, et al., | |
| Defendants. | |
| _____/ | |

      Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is plaintiff's request for an injunction (Doc. 124) and request for clarification of court order and enlargement of time (Doc. 125).

      On September 14, 2007, this court issued plaintiff an order to show cause why defendants Gunning, Marshall, and Murray should not be dismissed.  In response, plaintiff filed a request for clarification.  Therefore, the order to show cause will be discharged.  Plaintiff states that he provided to the court a motion containing 45 pages of information that may lead to the discovery of the whereabouts of defendants Gunning, Marshall and Murray.  In that document, plaintiff also requested assistance in conducting further inquiry and research to obtain information about these defendants.

The expenditure of public funds on behalf of an indigent litigant is proper only when authorized by Congress. Tedder v. Odel, 890 F.2d 210 (9th Cir. 1989). The in forma pauperis statute does not authorize the expenditure of public funds for paralegals or investigators. See 28 U.S.C. § 1915. In addition, the United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). In the present case, the court does not at this time find the required exceptional circumstances. Therefore, petitioner's request for assistance will be denied.

Plaintiff has the duty to provide the necessary information to the United States Marshal to help effectuate service. See Puett v. Balndford, 912 F.2dd 270, 274-75 (9th Cir. 1990); see also Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) *abrogated on other grounds by* Sardin v. Connor, 515 U.S. 472 (1995). To assist plaintiff in locating the unserved defendants in this action, this court ordered defendants to query the California Department of Corrections and Rehabilitation (CDCR) to ascertain the whereabouts of the unserved defendants. In response, the defendants provided the information that was available from Mule Creek State Prison (MCSP), and previously provided to plaintiff. This included the information that defendants Gunning and Marshall had retired and their address was unknown, and defendant Murray was no longer employed at MCSP with no forwarding address.

Plaintiff was previously informed that he may use discovery (directed to a party to this action), the California Public Records Act, Calif. Gov't. Code § 6250, et seq., or other means available to him to locate the defendants (Doc. 52). Plaintiff was cautioned that failure to effect service may result in the dismissal of the unserved defendants. To date, plaintiff has not

/ / /

/ / /

provided sufficient information to locate these three defendants.[1]  Plaintiff will be given one last opportunity to provide sufficient information to effectuate service on defendants Gunning, Marshall and Murray.  Failure to provide such information within 20 days of the date of this order will result in the recommendation that these defendants be dismissed from this action.  If plaintiff does not wish to pursue his complaint against these three defendants, plaintiff is to file such a notice with the court.

Plaintiff was also informed that he has not responded to the motion to dismiss filed by defendant Danzinger.[2]  Plaintiff has asked for clarification regarding his required response to the motions to dismiss.  It appears to this court that although the issues raised in the motions to dismiss by various defendants may be the same or similar, they are raised by different defendants and may be granted or denied as to the various defendants on different grounds.  Therefore, plaintiff is provided the opportunity to respond to the issues raised in each of the motions to dismiss.  Although defendant Danzinger's motion is entitled as a motion to join motion to dismiss, the motion is a motion to dismiss which deals with plaintiff's claims specific against defendant Danzinger.  Plaintiff is entitled to file a response to the motion as a separate motion.  Plaintiff's request for clarification will therefore be construed as a motion for an extension of time, which will be granted.  Plaintiff will have 30 days from the date of this order in which to respond to defendant Danzinger's motion (Doc. 114) as well as defendants Gray and Vasconcellos' motion (Doc. 120).

Finally, plaintiff has requested an injunction pursuant to Federal Rule of Civil Procedure 65.  Plaintiff claims that he is having difficulty obtaining the necessary copies of

---

[1] Plaintiff did provide the court with a list of possible phone numbers and/or addresses for the unserved defendants.  However, this list was approximately 45 pages long and contained individuals from all over the United States.  This information is insufficient to meet plaintiff's duty to provide information sufficient to effectuate service on the defendants.

[2] The court also notes that defendants Gray and Vasconcellos have filed a motion to dismiss (Doc. 120) since this court's order of September 17, 2007.

3

documents to be filed with the court.  Plaintiff provides copies of the operational procedures for Salinas Valley State Prison and a memorandum from Cheryl Pliler, Deputy Director, Institutions Division.  The memorandum from Ms. Pliler, directed to Regional Administrators-Institutions Division, Wardens, Litigation Coordinators and Education and Inmate Programs Unit, appears to interpret what photocopies are required for indigent inmates involved in legal actions.  This memorandum states the institutions should provide indigent inmates "one copy for the intended court, one copy for the lead opposing party, and one copy for the records of the inmate."  This seems to the undersigned to authorize a total of three copies (plus an original).  However, the operational procedures for Salinas Valley State Prison provided to the court indicates that inmates are restricted to only two copies.  Although the operational procedure specifically states all requests for copies are to be "in strict compliance with the respective courts' rules concerning the number of copies required" it limits indigent inmates to two copies of court filings.

The Local Rules of the United States District Court, Eastern District of California, require that documents filed in paper format (documents not electronically filed) require an original plus one copy to be submitted to the Clerk of the Court.  See Local Rule 5-133 (d)(1), (2). Specifically, the Local Rules state "One **additional** legible conformed copy of all paper documents to be filed or lodged **shall** be delivered to the Clerk, for the Court's use..." Local Rule 5-133(d)(2) (emphasis added).  Therefore, it appears that in order for Salinas Valley State Prison to be in strict compliance with the court's rules, pursuant to their own operational procedures, indigent inmates should be provided three copies of documents to be filed in this court.  This would also appear to be consistent with Ms. Pliler's memorandum.  However, prior to any action from this court, defendants will be provided an opportunity to be heard.  If defendants have any response to plaintiff's request regarding his difficulties in obtaining copies of his documents to be filed in this court, the response shall be filed within 20 days of the date of this order.  In the meantime, if plaintiff continues to encounter difficulties obtaining the proper

/ / /

number of copies to file with this court, plaintiff's original documents will be accepted for filing without the submission of an additional copy for the court's use.

        Accordingly, IT IS HEREBY ORDERED that:

1. The Order to Show Cause issued September 14, 2007 (Doc. 118) is discharged;

2. Plaintiff's request for the appointment of counsel, paralegal or investigator is denied;

3. Plaintiff is granted 20 additional days to provide information to help effectuate service on defendants Marshall, Gunning and Murray;

4. Failure to provide such information within 20 days of the date of this order will result in the recommendation that these defendants be dismissed from this action;

5. Plaintiff may file responses to the motions to dismiss filed by defendants Danzinger, Gray and Vasconcellos within 30 days of the date of this order;

6. Defendants may file a response to plaintiff's request for an injunction and notice of failure to obtain necessary copies for filing documents in this court within 20 days of the date of this order; and

7. If plaintiff continues to have difficulty obtaining sufficient copies of his documents, this court will accept plaintiff's filings without the additional copy contemplated by Local Rule 5-133(d)(2).

DATED: October 2, 2007

                                                          **CRAIG M. KELLISON**
                                                          UNITED STATES MAGISTRATE JUDGE