**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ERIC CHARLES RODNEY KNAPP, | No. CIV S-05-2520-FCD-CMK-P |
|     Plaintiff, | |
|   vs. | ORDER |
| RODERICK HICKMAN, et al., | |
|     Defendants. | |

Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court are plaintiff's notice of dismissal of defendants (Doc. 128), and request for an enlargement of time (Doc. 132).

Also pending before the court are four motions to dismiss filed by the defendants who have appeared in this action. Plaintiff filed an opposition to the first motion to dismiss on July 30, 2007. However, he has not filed an opposition to the other three motions (Docs. 114, 120, 131). On October 3, 2007, the court gave plaintiff 30 days to file an opposition to the remaining motions.[1] Plaintiff is now requesting additional time to file his opposition due to difficulties in accessing the law library at Salinas Valley State Prison. Good cause appearing

---

[1] Since the order of October 3, 2007, defendant Olson has filed a joinder to the motions to dismissed filed by the other defendants. Therefore, plaintiff now has the right to respond to this motion as well.

1


therefor, this request will be granted.

In plaintiff's request for additional time to respond to the motions to dismiss, plaintiff has requested an order for Salinas Valley State Prison to stop impeding plaintiff's access to the courts in this and other actions. As separately addressed in findings and recommendations issued by the undersigned, this court is unable to issue an order against individuals who are not parties to a suit pending before it. See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969). Although the court is sympathetic to plaintiff's difficulties in attaining access to the law library, the court has no jurisdiction to issue such an order as Salinas Valley State Prison is not a party to this action.

Plaintiff has also filed a notice of his concession to dismiss defendants Gunning, Marshall and Murray for lack of service. However, based on the information plaintiff has provided the court, the undersigned is unwilling to dismiss these defendants at this time. The court will construe plaintiff's notice as a request for assistance and not as a request for voluntary dismissal. Plaintiff has provided the court with a letter he received from the Litigation/PRA Coordinator at Mule Creek State Prison. This letter indicates that the coordinator was unable to provide information directly to plaintiff to provide plaintiff with sufficient information to locate these individuals to effectuate service. However, the coordinator indicated he would be "more than willing to assist the U.S. Marshals Office" to provide information on these individuals in order to serve them. He therefore suggested a member of the United States Marshal's Office contact him directly. Accordingly, the United States Marshal's Office will be directed to contact the coordinator in order to determine if enough information can be gathered to serve these defendants. If the United States Marshal is unable to obtain sufficient information to effect service, then the court will allow plaintiff to voluntarily dismiss these defendants.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for additional time to oppose the remaining motions to dismiss (Doc. 132) is granted;

2. Plaintiff shall file his opposition to the motions to dismiss, if any, within 30 days of the date of this order;

3. The United States Marshal is directed to contact J. Cocke, Litigation/PRA Coordinator at Mule Creek State Prison, in order to obtain any information available to locate and serve defendants Gunning, Marshall, and Murray;

4. If the United States Marshal is unable to obtain sufficient information to locate and serve defendants Gunning, Marshall, and Murray, the United States Marshal shall notify the court within 20 days;

5. If sufficient information is obtained, the United States Marshal is directed to effect service of the defendants pursuant to this court's January 5, 2007 Order (Doc. 44) providing instructions to the United States Marshal to notify the defendants of the commencement of this action and request a waiver of service of summons pursuant to Federal Rule of Civil Procedure 4(d) and 28 U.S.C. § 566(c) within 10 days of receiving the necessary information; and

6. The Clerk of the Court is directed to provide the United States Marshal a copy of the letter from J. Cocke, Litigation/PRA Coordinator at Mule Creek State Prison, dated July 9, 2007 and filed with plaintiff's notice (Doc. 128, page 11 of 12).

DATED: November 29, 2007

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE