IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ERIC CHARLES RODNEY KNAPP,   No. CIV S-05-2520-FCD-CMK-P

    Plaintiff,

  vs.   FINDINGS AND RECOMMENDATIONS

RODERICK HICKMAN, et al.,

    Defendants.

_____/

       Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is plaintiff's request for an injunction (Doc. 124) and plaintiff's request for an order directing Salinas Valley State Prison to stop impeding his access to the courts in this and other actions (Doc. 132)

       Plaintiff's request for an injunction is based on his difficulty in obtaining copies of documents to be filed with the court.  Pursuant to this court's order of October 3, 2007, defendants have filed a response to plaintiff's request for an injunction.  Defendants' argue that this court lacks jurisdiction to grant plaintiff's request for an injunction and plaintiff does not meet the standard for injunctive relief on the merits.

       Defendants are correct in their argument that the court lacks jurisdiction to issue

an injunction as requested by plaintiff.  Plaintiff's request for injunctive relief is against individuals who are not named as defendants in this action.  The defendants in this action are correctional officers and others employed at Mule Creek State Prison.  Plaintiff is now housed at Salinas Valley State Prison, and it is the actions of individuals at Salinas Valley State Prison who are denying plaintiff the correct number of copies for filing documents with this court.  This court is unable to issue an order against individuals who are not parties to a suit pending before it.  See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969).  The request must, therefore, be denied.  However, as stated in the court's previous order, the court will accept plaintiff's filings without the additional copy required by Local Rule 5-133(d)(2) if plaintiff continues to have difficulty in obtaining the required number of copies.

Plaintiff is also requesting an order directing Salinas Valley State Prison to immediately stop impeding plaintiff's access to the courts.  In this request, plaintiff indicates Salinas Valley State Prison is interfering with his access to the courts by interfering with his ability to access the law library.  Prisoners have a constitutional right of access to the courts.  See Lewis v. Casey, 518 U.S. 343, 346 (1996); Bounds v. Smith, 430 U.S. 817, 821 (1977); Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir. 1995) (discussing the right in the context of prison grievance procedures).  This right requires prison officials to "assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law."  Bounds, 430 U.S. at 828.  The right, however, only requires that prisoners have the capability of bringing challenges to sentences or conditions of confinement.  See Lewis, 518 U.S. at 356-57.  Moreover, the right is limited to non-frivolous criminal appeals, habeas corpus actions, and § 1983 suits.  See id. at 353 n.3 & 354-55.  Therefore, the right of access to the courts is only a right to present these kinds of claims to the court, and not a right to discover claims or to litigate them effectively once filed.  See id. at 354-55.

As a jurisdictional requirement flowing from the standing doctrine, the prisoner

1  must allege an actual injury.  See id. at 349.  "Actual injury" is prejudice with respect to
2  contemplated or existing litigation, such as the inability to meet a filing deadline or present a
3  claim.  See id.  Delays in providing legal materials or assistance which result in prejudice are
4  "not of constitutional significance" if the delay is reasonably related to legitimate penological
5  purposes.  Id. at 362.

6         As discussed above, the court has no jurisdiction to issue an order against non-
7  parties.  See id.  Therefore, plaintiff's request for an order directing Salinas Valley State Prison to
8  stop impeding his access to the courts must be denied.[1]

9         Based on the foregoing, the undersigned recommends that plaintiff's request for
10 injunctive relief and an order directing Salinas Valley State Prison to stop impeding plaintiff's
11 access to he courts be denied.

12        These findings and recommendations are submitted to the United States District
13 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days
14 after being served with these findings and recommendations, any party may file written
15 objections with the court.  The document should be captioned "Objections to Magistrate Judge's
16 Findings and Recommendations."  Failure to file objections within the specified time may waive
17 the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  November 30, 2007

                         /s/ Craig M. Kellison
                         CRAIG M. KELLISON
                         UNITED STATES MAGISTRATE JUDGE

---

[1] Although the court has no jurisdiction to issue an injunction or order over Salinas Valley State Prison in this case where it is not a party, this denial is without prejudice to plaintiff's ability to bring a separate action against the parties who are denying plaintiff access to the court if he believes his right to access the courts is being violated.