**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ERIC CHARLES RODNEY K'NAPP, | No. CIV S-05-2520-FCD-CMK-P |
| Plaintiff, | |
| vs. | ORDER |
| RODERICK HICKMAN, et al., | |
| Defendants. | |
| _____/ | |

    Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to Eastern District of California local rules.

    On February 21, 2008, the magistrate judge filed findings and recommendations herein which were served on the parties and which contained notice that any objections to the findings and recommendations were to be filed within 15 days.  Timely objections to the findings and recommendations have been filed.

/ / /

/ / /

/ / /

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 72-304, this court has conducted a de novo review of this case. Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed February 21, 2008, are adopted in full;

2. The court adopts the magistrate judge's conclusions, as set forth at pages 18 to 19 of the findings and recommendations as follows:

   a. Plaintiff may not assert third party standing and this action is limited to plaintiff's damages only;

   b. The continuing violation doctrine applies and none of plaintiff's retaliation claims are time-barred;

   c. All claims as against defendants M. Brown, Broyles, Clevenstine, Hensley, Knipp, Leeworthy, McNeil, Reaves, Robinson, and Stanely are time-barred and these individuals are dismissed as defendants to this action;

   d. Plaintiff's Eighth Amendment claims, which relate to the conditions of his confinement in administrative segregation between September 2000 and September 2001, are time-barred and cannot provide a separate avenue for relief;

   e. Claim 8m does not present a stand-alone basis for liability but represents part of plaintiff's allegations of the damages suffered;

   f. This case does not raise a stand-alone First Amendment claim based on plaintiff's mail;

   g. This case does not raise a stand-alone Eighth Amendment claim based on verbal harassment;

   h. This case does not raise a stand-alone constitutional claim based on the prison grievance process;

///

///

///

        I.    Plaintiff has failed to adequately allege facts to establish a causal connection between defendants M. Brown, Campbell, Carillo, Cherry, Doherty, Gentile, Henderson, Klinefelter, Olsen, Seinwerth, D. Brown, Knipp, Kudlata, Laguna, Lincoln, Rendon, Reyes, Subia, Mynhier, Boyd, Kernan, Silva, Hickman, Knowles, Emigh, Gannis, Hansen, Hurdle, Melching, Presley, Reaves, Rianda, Taylor, and Uribe, and his claim of retaliation, and these defendants are dismissed without further leave to amend;

        j.    Vasconcellos and Gray are dismissed as defendants to this action; and

        k.    This action shall proceed on plaintiff's retaliation claims as against remaining defendants Ali, C. Brown, Danzinger, Etheredge, Fowler, Gunning, Gutierrez, Hein, Hogan, Kaiser, Kanipe, Keeland, King, Lattimore, Marshall, Mesa, Murray, Nelson, O'Connor, Poe, Sauceda, Smith, Stewart, Vasquez, Warren, Warvarovski, and Whittle only.

3.    Defendants' motion for an extension of time, nunc pro tunc (Doc. 147), is granted;

4.    Defendants' motion to strike (Doc. 143) is denied;

5.    Defendants' motions to dismiss (Docs. 98, 114, 120, 131) is granted in part and denied in part, as outlined above;

6.    Plaintiff's Eighth Amendment conditions of confinement claims are dismissed;

7.    Vasconcellos, Gray, M. Brown, Broyles, Clevenstine, Hensley, Knipp, Leeworthy, McNeil, Reaves, Robinson, Stanley, Campbell, Carillo, Cherry, Doherty, Gentile, Henderson, Klinefelter, Olsen, Seinwerth, D. Brown, Kudlata, Laguna, Lincoln, Rendon, Reyes, Subia, Mynhier, Boyd, Kernan, Silva, Hickman, Knowles, Emigh, Grannis, Hansen, Hurdle, Melching, Presley, Rianda, Taylor, and Uribe are dismissed as defendants to this action; and

/ / /

/ / /

/ / /

/ / /

8. This action is referred back to the magistrate judge to direct the remaining appearing defendants to file an answer and to monitor for service of the four unserved defendants.

DATED: March 11, 2008.

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE