**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ERIC CHARLES RODNEY KNAPP, | No. CIV S-05-2520-FCD-CMK-P |
| Plaintiff, | |
| vs. | <u>ORDER</u> |
| RODERICK HICKMAN, et al., | |
| Defendants. | |
| _____/ | |

       Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's request for an order certifying this case for an immediate interlocutory appeal pursuant to 28 U.S.C. § 1292(b) or Federal Rule of Civil Procedure 54(b).

       Plaintiff seeks such an order in order to immediately appeal this court's March 12, 2008, order adopting the findings and recommendations of the magistrate judge filed February 21, 2008. Pursuant to that order, this court granted the defendants' motions to strike in part, found some of plaintiff's claims were time-barred, some of plaintiff's claims failed to state stand-alone constitutional claims, and dismissed several defendants. However, plaintiff's case continues against several defendants on his retaliation claims.

28 U.S.C. § 1292(b) allows a district judge to certify an issue for an interlocutory appeal if an order has issued which "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." There must be a genuine doubt as to the correct legal standard used in the order for the order to be granted certification under § 1292(b).

Rule 54(b) allows the court to enter final judgment as to one or more claims or parties "only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision . . . that adjudicates fewer than all the claims or . . . parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."

Rule 54(b) provides an exception to the general principle that a final judgment is proper only after the rights and liabilities of all the parties to the action have been adjudicated. Deciding the appropriate time for a final appealable decision is left to the sound judicial discretion of the district court. See Curtis-Wright Corp. v. General Elec. Co., 446 U.S. 1, 8 (1980). Historically, federal law expresses policy against piecemeal appeals. See Switzerland Cheese Ass'n, Inc. v E. Horne's Market, Inc., 385 U.S. 23, 24 (1966), Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 438 (1956). Rule 54(b) certification should be reserved for "the infrequent harsh case because of the overload in appellate courts which would otherwise result from appeals of an interlocutory nature." Curtis-Wright, 446 U.S. at 5-6.

Here, the court finds no sound reason to certify this case for an interlocutory appeal under either Rule 54(b) or § 1292(b). The facts underlying all of the claims are related, and the claims against the defendants who have been dismissed are the same or similar to plaintiff's remaining claims. There is no substantial ground for any difference of opinion as to the correct legal standard used in dismissing those defendants. Plaintiff's opinion that the

/ / /

1 decision was wrong is not sufficient.  Therefore, the court finds no certificate should issue
2 certifying this case for an interlocutory appeal, and plaintiff's request for such a certificate is
3 denied.
4        IT IS SO ORDERED.
5 DATED: April 1, 2008.

                                  FRANK C. DAMRELL, JR.
                                  UNITED STATES DISTRICT JUDGE