IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC CHARLES RODNEY K'NAPP, | No. CIV S-05-2520-FCD-CMK-P |
| Plaintiff, | |
| vs. | ORDER |
| N. ALI, et al., | |
| Defendants. | |
| _____/ | |

       Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to Eastern District of California local rules.

       On August 21, 2009, the magistrate judge filed findings and recommendations herein which were served on the parties and which contained notice that any objections to the findings and recommendations were to be filed within 20 days. Timely objections to the findings and recommendations have been filed.

///

///

///

1

In their objections, defendants argue that the findings and recommendations should not be adopted as to Claim 1e because the ultimate recommendation is inconsistent with the Magistrate Judge's findings. Defendants are correct. As to Claim 1e (and 1f), the Magistrate Judge found that the claim was unexhausted but did not recommend dismissal of Claim 1e (but did for Claim 1f). This inconsistency appears to have resulted from a clerical error. The court agrees with the Magistrate Judge's finding that Claim 1e is unexhausted. This claim will be dismissed.

Defendants also argue that the Magistrate Judge's recommendation as to Claim 1g is inconsistent with the Magistrate Judge's finding was to this claim. The Magistrate Judge found at footnote seven that the only remaining defendant named in Claim 1g is Marshall, who has not been served. Defendants contend this finding is inconsistent with the Magistrate Judge's conclusion at page 41 of the findings and recommendations that this action proceed ". . . as to Claims 1a-e and 1g (against defendants Kaiser and Marshall)" because Claim 1g does not name Kaiser. The court does not see any inconsistency. The Magistrate Judge correctly found that this action would proceed as to Claims 1a-d[1] and 1g, among others. Those claims, in the aggregate, name defendants Kaiser, Marshall, and Etheredge. Therefore, the Magistrate Judge's ultimate recommendation – which encompasses multiple claims – is not inconsistent with the specific finding that Claim 1g proceeds against Marshall only.[2]

Next, defendants contend that the Magistrate Judge's recommendation that this action proceed on Claim 5d is inconsistent with the Magistrate Judge's finding was to this claim. Without addressing this argument, the court notes that it has previously been determined that plaintiff cannot state a stand-alone claim based on the grievance process. Claim 5d is just such a

---

[1] As discussed above the court agrees with defendants that Claim 1e is unexhausted.

[2] If, however, defendant Marshall is later dismissed under Federal Rule of Civil Procedure 4(m) for failure to effect timely service, then Claim 1g would no longer be before the court because no defendant named in that claim would remain in the action.

claim. Therefore, the court agrees with defendants that this claim is not properly before the court (nor is any other claim which asserts a stand-alone claim based on the prison grievance process).[3]

Next, defendants argue that the Magistrate Judge's recommendation at page 41 of the findings and recommendations that this action should proceed as to claims 9a-c is inconsistent with the finding at footnote 17 that Claim 9a is no longer before the court because all defendants named in that claim have been dismissed. Again, this inconsistency appears to have resulted from a clerical error. The court agrees with the Magistrate Judge's finding that Claim 9a is no longer before the court.

Defendants next contend that the Magistrate Judge's recommendation at page 41 that the action should proceed as against defendants Kanipe and King, among others, is in error because these defendants are not named in any surviving claims. Defendants are not correct. Defendant King is named in Claim 8a, as to which the court agrees with the Magistrate Judge's finding that this claim is exhausted. Similarly, Kanipe is named as a defendant in Claim 10w, and the court agrees with the Magistrate Judge that this claim remains in the action. The omission of defendants King and Kanipe from the recommendation at page 41 listing the defendants specified in remaining claims appears to have resulted from a clerical error.

The parties' remaining objections are unpersuasive.

/ / /
/ / /
/ / /
/ / /

---

[3] To the extent Claim 5d, and other similar claims alleging that access to the grievance process was thwarted, constitutes plaintiff's contention that exhaustion <u>as to other substantive claims</u> should be excused, the court agrees with the Magistrate Judge that plaintiff has not presented any evidence upon which the court could determine that exhaustion should be excused because access to the grievance process was thwarted.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 72-304, this court has conducted a de novo review of this case. Having carefully reviewed the entire file, the court finds the findings to be supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed February 21, 2008, are adopted in full except as outlined above;

2. Defendants' motion to dismiss (Doc. 175) be granted in part and denied in part as outlined above;

3. Defendant Whittle's motion for judgment on the pleadings (Doc. 177) be granted;

4. Claims 1e-f, Claim 2 (in its entirety), Claims 3a, 3e-f, Claim 4 (in its entirety), Claim 5b, Claim 6 (in its entirety), Claims 8d, 8g, 8j, 8l, and 8n, Claim 9f, Claims 10a-b, 10j, and 10u-v be dismissed as unexhausted;

5. Ali, Fowler, Mesa, Nelson, O'Connor, Stewart, Vasquez, and Whittle be dismissed as defendants to this action;

6. This action shall proceed against defendants C. Brown, Danziger, Etheredge, Gunning, Gutierrez, Hein, Hogan, Kaiser, Kanipe, Keeland, King, Lattimore, Marshall, Murray, Poe, Sauceda, Smith, Warren, and Warvarovski only as to Claims 1a-d and 1g (against defendants Etheredge, Kaiser, and Marshall), Claims 3b-c and 3g (against defendant Kaiser), Claims 5a and 5c (against defendants C. Brown and Warren), Claim 7 (against defendants Hogan and Warren), Claims 8a-c, 8f, and 8h (against defendants Gunning, Gutierrez, Kaiser, King, Lattimore, Murray, Poe, Smith, and Warren), Claims 9b-c (against defendants Etheredge, Gutierrez, and Warren), Claims 10d-i, 10m, 10o, 10q-s, and 10w-x (against defendants Danziger, Etheredge, Gutierrez, Hein, Hogan, Kanipe, Keeland, Lattimore, Sauceda, Warren, and Warvarovski), and Claims 12a-b (against defendants Gutierrez and Lattimore); and

/ / /

7. This matter is referred back to the Magistrate Judge for further proceedings.

DATED: September 16, 2009.

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE