IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC CHARLES RODNEY KNAPP, | No. CIV S-05-2520-KJM-CMK-P |
| Plaintiff, | |
| vs. | ORDER |
| RODERICK HICKMAN, et al., | |
| Defendants. | |
| _____/ | |

      Plaintiff, a state prisoner proceeding pro se, brings this civil rights action under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge as provided by 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

      On April 7, 2011, the court declined to adopt a portion of the magistrate judge's earlier findings and recommendations on defendants' motion for summary judgment and referred that portion to the magistrate judge.

      On July 7, 2011, the magistrate judge filed further findings and recommendations, which were served on the parties and which contained notice that the parties may file objections within a specified time. Plaintiff has filed timely objections to the findings and recommendations.

/////

1

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case.  Having carefully reviewed the file, the court finds the findings and recommendations as to claim 9 in the amended complaint to be supported by the record and proper analysis.  As the magistrate judge notes, the plaintiff does not clearly say in claim 9 that he was threatened with or subjected to disciplinary proceedings, but rather that MAC members generally were threatened.  Although this court must view plaintiff's allegations in the light most favorable to his claim and must construe his claims liberally, liberal construction does not allow it to fill in the gaps of plaintiff's pleadings.  *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992) (liberal interpretation of a pro se complaint "'may not supply essential elements of the claim that were not initially pled'" (quoting *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982))).  Defendants are entitled to summary judgment on claim 9.

In claims 10m, o and x plaintiff alleges that defendants Etheredge, Gutierrez, Hogan, Lattimore, Poe and Warren caused plaintiff "to suffer retaliatory and false disciplinary action;" that "during the 'investigation' supposedly conducted on Plaintiff's behalf by an assigned guard," defendants Etheredge, Gutierrez, Hogan, Lattimore, Poe and Warren prevented plaintiff's inmate witnesses from answering plaintiff's questions, through his investigator; and that on April 29, 2003, Etheredge, Gutierrez, Lattimore and Warren "caused plaintiff to be transferred to a higher-security prison."  The court has reviewed the magistrate judge's original findings and recommendations and the renewed findings and recommendations and finds the latter supported by the proper analysis as to claims 10m, o and x.  The magistrate judge explains that defendants had presented evidence showing they relied on several sources of information in pursuing disciplinary proceedings and in determining to transfer plaintiff to a different institution, which shifted the burden to plaintiff to demonstrate the absence of a legitimate peonological purpose; defendants did not rely merely on the outcome of a neutral process, as in *Bruce v. Ylst*, 351 F.3d 1283, 1289 (9th Cir. 2003).  *See generally* ECF No. 201-8

/////

¶¶ 16-29.  In sum, the findings and recommendations as to claims 10m and x are supported by the record and proper analysis.

Finally, plaintiff has presented no evidence that the defendants threatened inmate witnesses whom plaintiff sought to have interviewed in connection with the then-pending disciplinary proceedings.  This portion of the findings and recommendations as to claim 10o is also supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed July 7, 2011, are adopted in full;
2. Defendants' motions for summary judgment (ECF Nos. 201, 238) are granted;
3. Plaintiff's motion to strike is granted (ECF No. 220); and
4. The Clerk of the Court is directed to enter judgment and close this case.

DATED: September 30, 2011.

_____
UNITED STATES DISTRICT JUDGE

3